[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 4 February, 1994 Date of Application: 4 February, 1994 Date Application Filed: 18 February, 1994 Date of Decision: 24 May, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford, at Derby. Docket No: MV 91-260419, CR 93-265686.
Prescott May, Esq. For the Petitioner, Gerard Esposito, Esq. For the State of Connecticut.
BY THE DIVISION
The petitioner pled guilty to Driving While Intoxicated, in violation of Conn. Gen. Stat. § 14-227 and two counts of Assault 2nd with Motor Vehicle While Intoxicated, a violation of Conn. Gen. Stat. 53a-60d. The court imposed a sentence of six months to serve on the driving under the influence count, five years to serve on the first count of Assault 2nd with Motor Vehicle and five years execution suspended with five years probation on the second count for a total effective sentence of ten years execution suspended after serving five years with five years probation.
The record shows that the petitioner was arrested for driving under the influence in October of 1991. On April 23, 1993 the petitioner was involved in a serious motor vehicle accident in the Town of Seymour, Connecticut. The record CT Page 7100 indicates that the petitioner was driving under the influence of alcohol and the alcohol blood level was .269 significantly above the legal limit to drink and drive. The evidence shows that the petitioner failed to apply her brakes just prior to the accident and that the car the petitioner hit included three occupants of the same family. In the accident the father of the family received a broken left arm, a dislocated elbow, and a major laceration to the forehead that required 61 stitches to close. The nine year old son received a compound fracture to his leg, a broken hip, and neurologists had to remove a blood clot from the back of the child's head which caused his confinement in a wheel chair for a considerable period of time. The child also suffered emotional trauma from the accident. The wife was the most seriously injured of the family. Initially it was thought that she would die from the injuries. She remained in a coma for a period of four weeks. She sustained massive knee injuries, hip damage, serious internal injuries which included a removal of her spleen. Initially, due to severed vocal cords, she could not speak. She had eight surgeries by the time of sentencing and remained unable to work without the aid of a wheelchair or walker.
At the hearing counsel for the petitioner argued that the court overemphasized the issue of deterrence and imposed a sentence that was stiffer and more harsh than normally would be the case. His claim was that the Judge was sending a general message that ignored the factual issues supporting the petitioner. When question by the Division counsel admitted that a court could sentence for deterrent reasons but felt that sentence imposed on the petitioner was "extremely harsh." Counsel felt that the court ignored the fact that the petitioner was an alcoholic and that she was trying to better herself at the time of sentencing which included remaining sober for a thirteen month period.
The petitioner, when she spoke to the panel, noted that she has been sober for thirteen months and that she was trying to turn her life around. She expressed sorrow to the family for what she did and stated that she has to live with the guilt and shame on a daily basis.
The attorney for the state noted that the alcohol level in the petitioner at the time of the accident was .269. He noted that the petitioner's conduct was gross negligence and that the petitioner was uninsured at the time of the accident. CT Page 7101 He felt that the nature of the offense was very serious and that the character of the petitioner was that of a consistent failure. Counsel felt that sentencing for deterrence was a legitimate reason that can be used by the court. He noted that the petitioner could have been sentenced to the maximum of sixteen years. Counsel emphasized the physical devastation caused to the victim/family and that the female victim's life had been made miserable by the injuries caused by the petitioner when she was severely drunk. Counsel felt that the court took into consideration all the factors and that the sentence imposed was fair and reasonable.
The conduct of the petitioner that caused such a total and severe injury to a family simply driving along the highway must be weighed heavily. In light of P.B. 942, the sentence imposed by the court is extremely reasonable, not disproportional and certainly not inappropriate, when considering the nature of the offense, the character of the petitioner and the need to protect the public. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this Decision.